The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employee-employer relationship existed between plaintiff-employee and defendant-employer.
3. On August 18, 1992, as part of plaintiff's assigned job duties, plaintiff, while climbing a ladder, struck his head on lumber which was lying across an opening which was cut for a staircase. The parties further stipulate that this incident was an injury by accident arising out of and in the course of plaintiff's employment with defendant-employer.
4. On August 18, 1992, plaintiff's average weekly wage was $222.18.
5. Defendants paid to plaintiff temporary total disability payments for thirty-four and one-seventh weeks from August 18, 1992 through May 7, 1993, at the rate of $148.12 per week.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modification, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the initial hearing, plaintiff was 26 years old and had completed the eighth grade. Plaintiff's vocational background consists of employment in the building industry as a framer and general laborer, as well as employment in the nursing home industry.
2. On August 18, 1992, plaintiff was a framer for defendant-employer and had been employed by defendant-employer for approximately six months.
3. As a result of the stipulated injury by accident on August 18, 1992, plaintiff experienced headaches for several weeks.
4. Plaintiff was examined on September 10, 1992, at St. Joseph's Hospital by Dr. Keith Maxwell. Dr. Maxwell ordered diagnostic testing of the plaintiff's back which included a cervical discogram.
5. Plaintiff was referred to Dr. Ralph Loomis, a neurosurgeon, on November 1, 1992, for a second opinion of plaintiff's back condition.
6. Dr. Loomis ordered further diagnostic testing which included a CT scan, a myelogram, and nerve conduction studies, the results of which were normal.
7. Plaintiff returned to Dr. Loomis on December 8, 1992 and requested he assume plaintiff's care, to which Dr. Loomis agreed. At such time, surgery was not required and plaintiff was treated with pain medicine and physical therapy.
8. On January 7, 1993, plaintiff came under the care and treatment of Dr. Scott J. Spillmann and Dr. Ritchie Lewis of the Asheville Rehabilitation Center. Plaintiff continued to receive pain medication and conservative rehabilitation therapy.
9. In March 1993, plaintiff was permitted to return to work for defendant-employer. Plaintiff only worked one day and continued to complain of headaches and pain in his neck.
10. On April 15, 1993, plaintiff was examined by Dr. Stewart Harley. Plaintiff was experiencing cervical muscular pain with associated headaches. Plaintiff had no evidence of any nerve root impingement. Dr. Harley recommended continued conservative treatment, advised against any surgical intervention and referred plaintiff back to Dr. Spillmann.
11. On May 6, 1993, plaintiff returned to the Asheville Rehabilitation Center and was again examined by Dr. Ritchie Lewis.
12. On May 6, 1993, plaintiff was able to return to work with no restrictions and had no permanent impairment as a result of his compensable injury of August 18, 1992.
13. On or about May 14, 1993, plaintiff was involved in a motor vehicle accident when the vehicle he was occupying was struck from behind by another vehicle going approximately 50 mph.
14. As a result of the motor vehicle accident, plaintiff experienced pain in his neck and lower back.
15. Dr. Keith Maxwell performed an anterior cervical discectomy and fusion at C5-6 of plaintiff's back on August 20, 1993.
16. As a result of plaintiff's admitted compensable injury of August 18, 1992, plaintiff was unable to earn wages from defendant-employer or earn wages in any other employment from August 18, 1992 until May 7, 1993.
17. Plaintiff's care and treatment after May 6, 1993, including the cervical surgery which was performed by Dr. Maxwell in August of 1993, is not causally related to plaintiff's compensable injury of August 18, 1992.
18. As a result of his August 18, 1992 compensable injury, plaintiff retains no permanent partial impairment to his spine.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. On August 18, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6).
2. As a result of the compensable injury of August 18, 1992, plaintiff was temporarily totally disabled from August 18, 1992 until May 7, 1993. Plaintiff is entitled to temporary total disability compensation of $148.12 per week, from August 18, 1992 until May 7, 1993. G.S. § 97-29.
3. As a result of his August 18, 1992 compensable injury, plaintiff is entitled to have defendants pay all medical expenses incurred to the extent that the same tend to effect a cure, give relief, or lessen plaintiff's period of disability, but with the specific exclusion of any medical expenses incurred by plaintiff after May 6, 1993 for unrelated conditions. G.S. § 97-25.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Defendants shall pay compensation to plaintiff at the rate of $148.12 per week, from August 18, 1992 until May 7, 1993. As said amount has accrued, payment shall be made in a lump sum. Defendants shall receive credit for any payments previously paid to plaintiff.
2. Defendants shall pay all medical expenses incurred as a result of the August 18, 1992 compensable injury to the extent that the same are reasonably required to effect a cure, give relief or lessen the period of disability of plaintiff, but with the exclusion of any medical expenses incurred by plaintiff after May 6, 1993 for unrelated conditions.
3. With reference to former Attorney Thomas F. Ramer's petition for assessment of attorney fees dated April 19, 1994, as plaintiff is not receiving any additional compensation, there are no funds available from which to assess attorney fees.
4. Defendants shall pay the costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1996.
 S/ ______________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ______________________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________________ THOMAS J. BOLCH COMMISSIONER
JHB/nwm 06/17/96